UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LONNIE C. JOHNSON, | ) | CASE NO. 1:10 CV 2259 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CLEVELAND, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Lonnie C. Johnson filed this action under 42 U.S.C. § 1983 against the City of Cleveland, Cleveland Police Officer Edward Lentz, Cleveland Police Officer Thomas Connole, and Cleveland Police Officer Huff. In the Complaint, Plaintiff alleges he was assaulted by the Defendant officers during the course of his arrest. He seeks monetary damages. Mr. Johnson filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Background**

Mr. Johnson claims he was struck by a Cleveland police car and assaulted by officers on November 9, 2009. He contends he was riding his bicycle at 4:00 a.m. near the intersection of West 25th Street and Clark when he was almost struck by a passing police car. He went to the emergency room at Metro Health Medical Center and called 911. He refused an offer by the dispatcher to send an officer to investigate. He was then advised to come to the station to file a

report. Mr. Johnson claims he was struck by another police car, driven by Officer Lentz, on the way to file the report. He states he fled from the area because he feared for his life. He contends two other officers arrived on the scene and used a taser to stop him. An ambulance was summoned; however, Mr. Johnson claims he was denied medical attention. He was taken into custody and transported to the Cleveland police station. Mr. Johnson contends the jail refused to accept him in his condition and he was then transported to a local hospital. He claims he was not permitted to see a doctor, and this was documented by hospital staff as a refusal of treatment.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against the City of Cleveland are dismissed pursuant to §1915(e).

Mr. Johnson's claims against the City of Cleveland are based on the doctrine of *respondeat superior*. He contends the City should have known Officer Lentz was a "loose cannon." (Compl. at 3.) He indicates Officer Lentz filed a racial discrimination suit against the City of

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Cleveland in 2004 which was based on the City's investigation of the Officer's involvement in the police shooting outside of former Mayor Jane Campbell's house. Officer Lentz obtained a verdict against the City in 2007. Mr. Johnson claim Officer Lentz was "emotionally compromised and racially biased because of the way the City treated him." (Compl. at 3.)

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint suggests there may be animosity between the City and Officer Lentz over the discrimination lawsuit. This does not reasonably translate, however, into an actual custom or policy of the City of Cleveland which the officers followed and which allegedly resulted in a deprivation of Mr. Johnson's federally protected rights.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and his claims against the City of Cleveland are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[2] This case shall proceed solely on Plaintiff's claims against Officer Lentz, Officer Connole, and Officer Huff. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendants**.**

       IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      UNITED STATES DISTRICT JUDGE

Dated: 1/14/11

---

[2]    28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.